# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven M. Horde, | Civil No. 13-3107 (PJS/JJG) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| City of Apple Valley; Wayne Criger; David Virden; Mitchell Scott; Apple Valley City Attorneys Office of Molinda, Bauer, Dougherty and Severson P.A.; Dakota County Sheriff's Office; Bradley Billmeyer, Special Duty Deputy Sheriff #133; Apple Valley Police Department; and City of Apple Valley Mayor Mary Hamann Roland, | |
| **Defendants.** | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Dakota County Sheriff's Office and Bradley Billmeyer's Motion to Dismiss (ECF No. 6); Dougherty, Molenda, Solfest, Hills & Bauer P.A.'s[1] Motion to Dismiss (ECF No. 15); City of Apple Valley, Apple Valley Police Department, Mitchell Scott, Wayne Criger, David Virden, Jon Rechtzigel,[2] and Mary Hamann-Roland's Motion to Dismiss (ECF No. 36); Steven M. Horde's Motion to Amend

---

[1] Plaintiff Steven M. Horde ("Horde") sued this entity as "Apple Valley City Attorneys Office of Molinda, Bauer, Dougherty and Severson P.A." (Am. Compl. ¶ 2.b, Jan. 21, 2014, ECF No. 25.) The correct name of the firm, which Horde does not contest, is "Dougherty, Molenda, Solfest, Hills & Bauer P.A." To avoid any confusion and for the sake of consistency, the Court will refer to this Defendant as "DMSHB," which is the acronym used by the law firm in its motion to dismiss and supporting memorandum. Furthermore, to the extent Horde misspelled any Defendant's name in his pleadings, the Court will use the correct spelling.

[2] The parties listed in the Amended Complaint do not include Jon Rechtzigel as a Defendant.

Amended Complaint (ECF No. 58); Steven M. Horde's Motion to Present Exhibits B, C, and D (ECF No. 59); Steven M. Horde's Motion to Dismiss DMSHB's Motion to Dismiss (ECF No. 60); Steven M. Horde's Motion for Injunctive Relief (ECF No. 62); Steven M. Horde's Motion for Judicial Review (ECF No. 64); Steven M. Horde's Motion to Proceed with Case (ECF No. 66); Steven M. Horde's Second Motion to Proceed with Case (ECF No. 67); and Steven M. Horde's Motion to Dismiss Case of Bradley Billmeyer (ECF No. 69). The Honorable Patrick J. Schiltz, United States District Judge, referred all dispositive motions to this Court in an Order of Reference dated January 14, 2014 (ECF No. 23). In the interest of efficiency, and because many of the dispositive and nondispositive motions are related, the Court will address both the dispositive and nondispositive motions in this Report and Recommendation.

## I.     Background

Plaintiff Steven M. Horde ("Horde") commenced this action on November 13, 2013, against the City of Apple Valley ("Apple Valley"), the Apple Valley Police Department ("AVPD"), the Dakota County Sheriff's Office, Dakota County Sheriff's Deputy Bradley Billmeyer ("Deputy Billmeyer"), DMSHB, and Apple Valley Police Officers Mitchell Scott ("Officer Scott"), Wayne Criger ("Officer Criger"), and David Virden ("Officer Virden"). (Compl. ¶ 2, Nov. 13, 2013, ECF No. 1.) Horde is representing himself. Horde asserts numerous constitutional, civil rights, and other claims arising from an alleged assault by his neighbor, law enforcement's response to Horde's 911 call, the subsequent prosecution of Horde, and a later incident involving his neighbor.

In lieu of filing an answer to the original complaint, the Dakota County Sheriff's Office and Deputy Billmeyer filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) and 12(b)(6). DMSHB also moved to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(1) and 12(b)(6). The motions to dismiss were referred to this Court and noticed for a hearing on March 5, 2014. Horde then filed a twenty-nine page, handwritten Amended Complaint, adding Apple Valley Mayor Mary Hamann-Roland ("Mayor Hamann-Roland") as a Defendant and rewording some of his claims. (Am. Compl., Jan. 21, 2014, ECF No. 25.) The Court advised the parties that it would consider Horde's Amended Complaint the operative pleading in the case and would apply the pending motions to dismiss to the Amended Complaint unless the moving Defendants chose to withdraw their motions. (Order at 2, Jan. 30, 2014, ECF No. 35.) By way of separate correspondence, the Court referred Horde to the FBA Pro Se Project. (Letter, Jan. 30, 2014, ECF No. 34.)

Apple Valley, the AVPD, Mayor Hamann-Roland, and Officers Scott, Criger, and Virden ("Apple Valley Defendants") filed their motion to dismiss on February 4, 2014, and the Court set a briefing schedule and noticed a hearing on all three motions to dismiss for April 2, 2014. Horde did not meet his original deadline to file opposition memoranda but asked for an extension of time, which was granted. Horde eventually filed several memoranda and exhibits, as well as eight dispositive and nondispositive motions. The Court set a new hearing date of May 28, 2014, to hear all pending motions. (Order at 2, Apr. 24, 2014, ECF No. 76.)

## II.     Dakota County Sheriff's Office and Deputy Billmeyer's Motion to Dismiss

In Horde's Amended Complaint, he claims that Deputy Billmeyer failed to properly serve DMSHB and Officers Criger, Virden, and Scott with a summons and complaint in a previous state court case Horde brought against those Defendants. (Am. Compl. ¶ 11.) According to Horde's allegations, Deputy Billmeyer wrongly delivered the envelopes to the City Clerk's Office and the Chief of Police. (*Id.*) Horde's state court case was dismissed in part for improper

service. (*Id.* ¶ 11.B.) Horde makes no specific allegations against the Dakota County Sheriff's Office, but the Court presumes he is suing that entity as Deputy Billmeyer's employer.

After the Dakota County Sheriff's Office and Deputy Billmeyer moved to dismiss, Horde filed a motion to voluntarily dismiss both of those Defendants from the case because Horde "feels Officer Bradley Billmeyer is not guilty of any wrongdoing." (Mot. Dismiss Case of Bradley Billmeyer at 1-2, Mar. 31, 2014, ECF No. 69.) The Court construes Horde's motion as a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1). *See Ventura-Vera v. Dewitt*, 417 F. App'x 591, 591-92 (8th Cir. 2011) (construing pro se plaintiff's motion to dismiss as a notice of voluntary dismissal). Under Rule 41(a)(1), a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Unless the notice states otherwise, dismissal is without prejudice. *Id*. 41(a)(1)(B).

Although the Dakota County Sheriff's Office and Deputy Billmeyer filed a motion to dismiss, neither Defendant filed an answer or a motion for summary judgment. A motion to dismiss is "not considered to be the equivalent of either an answer or a motion for summary judgment." *Randall v. Direct Buy, Inc.*, No. 4:09CV243SNLJ, 2009 WL 4030533, at *2 (E.D. Mo. Nov. 19, 2009) (citing *Brackett v. State Highways & Transp. Comm'n of Mo.*, 163 F.R.D. 305, 307 (W.D. Mo. 1995)); *see Hawkins v. Singer*, No. Civ. 02-4098 (JRT/FLN), 2003 WL 22076552, at *2 n.1 (D. Minn. Sept. 2, 2003) (Tunheim, J.) ("Defendants have filed motions to dismiss, but these do not fit the narrow strictures of Rule 41(a)."); *Woody v. City of Duluth*, 176 F.R.D. 310, 314 (D. Minn. 1997) (Davis, J.) (ruling on report and recommendation of Erickson, Mag. J.). In the context of Rule 41, the filing of an answer or a motion for summary judgment

must be "construed strictly and exclusively." *Safeguard Bus. Sys., Inc. v. Hoeffel*, 907 F.2d 861, 863 (8th Cir. 1990).

Accordingly, Horde has the right to voluntarily dismiss his claims against the Dakota County Sheriff's Office and Deputy Billmeyer pursuant to Rule 41(a)(1)(A), and needs no Court approval to do so. Dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B); s*ee Hutsler v. Wells Fargo Home Mtg., Inc.*, No. 4:12-CV-2184 CAS, 2013 WL 5442559, at \*7 (E.D. Mo. Sept. 30, 2013) (where defendant filed motion to dismiss, dismissing action without prejudice pursuant to Rule 41(a)(1)(A) instead of with prejudice on the merits). Therefore, the Court recommends that Horde's motion to voluntarily dismiss the Dakota County Sheriff's Office and Deputy Billmeyer be construed as a notice of voluntary dismissal, *see Ventura-Vera*, 417 F. App'x 591 at 591-92, and that the motion to dismiss filed by those Defendants be denied as moot, *see Woody*, 176 F.R.D. at 311, 315 (finding that plaintiff's motion to voluntarily dismiss defendant mooted defendant's motion to dismiss).

## III.    DMSHB's Motion to Dismiss

The following facts and claims against DMSHB are alleged in the Amended Complaint. DMSHB serves as the Apple Valley City Attorney's Office. (Am. Compl. ¶ 2.D.) In that capacity, DMSHB prosecuted Horde in July 2010 for assaulting his neighbor, Jerry Stinson ("Stinson"). (*Id.* ¶¶ 10, 10.A.) Horde alleges that he asked before trial for a recording of his 911 call to the police, but DMSHB did not produce it. (*Id.* ¶ 10.) Horde further alleges that DMSHB used a false police report as evidence at trial. (*Id.*) A jury found Horde not guilty of the assault. (*Id.* ¶ 10.C.) Based on these facts, Horde claims that DMSHB deprived him of a fair and impartial trial, committed prosecutorial negligence, caused his illegal arrest and incarceration, and denied him due process.

DMSHB moves to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For its Rule 12(b)(1) motion, DMSHB argues that Horde previously sued DMSHB in state court and lost, and is now barred by the *Rooker-Feldman* doctrine from litigating his claims in federal court. In the alternative, for its Rule 12(b)(6) motion, DMSHB argues that Horde's claims are barred by the doctrine of res judicata, that DMSHB is entitled to absolute prosecutorial immunity, and that Horde's claims are facially deficient. DMSHB also asks for an award of attorneys' fees under 42 U.S.C. § 1988(b).

### A.      Rule 12(b)(1) and *Rooker-Feldman*

Rule 12(b)(1) permits a defendant to raise the defense of lack of subject matter jurisdiction by motion. A party contesting subject matter jurisdiction may mount either a facial challenge or a factual challenge to a court's jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729-30 & n.6 (8th Cir. 1990). On a facial attack, the court limits its consideration to the allegations of the complaint. *Id.* at 729 & n.6. On a factual attack, the court may consider matters outside the pleadings without converting the motion to one for summary judgment. *Id.* Here, DMSHB raises a factual challenge to subject matter jurisdiction and presents materials beyond the pleadings for the Court's consideration. The Court has considered those materials and summarizes them below.

A DMSHB attorney, acting as the Apple Valley City Attorney, filed a criminal complaint against Horde on November 18, 2009. (Molenda Decl. Ex. A, Jan. 10, 2014, ECF No. 18-1.) The statement of probable cause averred that Officers Criger and Virden were dispatched to Horde's apartment building on November 16, 2009, following a report of an assault by Horde. (*Id.*) Horde told Officer Criger that he and Stinson were moving a bookcase and Stinson dropped the bookcase twice. (*Id.*) Horde called Stinson an "idiot," and Stinson punched Horde's chest. (*Id.*)

Horde then punched Stinson twice in the face. (*Id.*) Officer Criger went to the Apple Valley Medical Center, where Stinson was receiving treatment, and saw a very large contusion on Stinson's cheek, a cut on his lip, and a large gash in his head. (*Id.*) Horde was charged with fifth-degree misdemeanor assault. (*Id.*) The Honorable David L. Knutson of Dakota County District Court found probable cause to believe Horde had committed the assault and issued an arrest warrant. (*Id.*) A jury trial was held in July 2010, and Horde was acquitted of the charge. (Molenda Decl. Ex. B.)

In November 2011, Horde commenced a civil action against Officers Criger, Virden, and Scott and the "Apple Valley City Attorneys Office" in Dakota County District Court. (Molenda Decl. Ex. C.) Horde alleged that the "Apple Valley City Attorneys Office" wrongly prosecuted him instead of Stinson. (*Id.*) In an order dated March 12, 2012, the state court found that Apple Valley contracted with DMSHB for legal services and thus determined that DMSHB, as the "Apple Valley City Attorneys Office," was entitled to absolute prosecutorial immunity. (Molenda Decl. Ex. D.) The court also denied Horde's requests to add a claim for malicious prosecution and to substitute DMSHB for the "Apple Valley City Attorneys Office," and dismissed the complaint with prejudice. (*Id.*)

DMSHB submits that the *Rooker-Feldman* doctrine bars this Court from exercising jurisdiction over Horde's claims. Under the *Rooker-Feldman* doctrine, lower federal courts are prohibited "from exercising appellate review of state court judgments." *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1156 (8th Cir. 2007). The doctrine is limited "to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005);

*see also Skit Int'l*, 487 F.3d at 1157 ("*Rooker-Feldman* is implicated in that subset of cases where the losing party in a state court action subsequently complains about that judgment and seeks review and rejection of it.") (citing *Exxon*). The doctrine prevents a court from exercising jurisdiction "over the rare case styled as a direct appeal," as well as over "more common claims which are 'inextricably intertwined' with state court decisions." *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004) (citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983)).

The *Rooker-Feldman* doctrine is narrow and does not "override or supplant preclusion." *Exxon Mobil*, 544 U.S. at 284. A federal court is not deprived of jurisdiction just because a litigant brings a claim in federal court that was already litigated and lost in state court. *Id.* at 293. If the litigant brings an independent claim, even one that rejects a state court's previous decision, then subject matter jurisdiction exists, and the Court should turn to principles of issue or claim preclusion. *Id.* (quotation omitted).

Here, Horde has not styled his claims against DMSHB as a direct appeal of the state court judgment, nor does he complain of injuries caused by the state court judgment. Rather, Horde is attempting to bring the same claim, as well as several related claims, against DMSHB, all stemming from its prosecution of him in state court. Horde alleged in the previous state court case that DMSHB wrongly prosecuted him instead of Stinson, and the state court found DMSHB immune from that claim. Horde alleges in the present action that DMSHB deprived him of a fair trial by withholding evidence, committed prosecutorial negligence by relying on a false police report, caused Horde to be arrested and detained before trial by obtaining an arrest warrant, and denied him due process by charging him with fifth-degree misdemeanor assault. Whether Horde

may bring those claims now in federal court is a matter of preclusion, not subject matter jurisdiction. Accordingly, the Court proceeds to a discussion of preclusion principles.

### B.      Rule 12(b)(6) and Res Judicata

A motion to dismiss based on principles of res judicata is properly brought under Federal Rule of Civil Procedure 12(b)(6). *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012). On a Rule 12(b)(6) motion to dismiss, the Court accepts as true the facts alleged in the Amended Complaint and construes all reasonable inferences in the light most favorable to Horde. *See Butler v. Bank of America, N.A.*, 690 F.3d 959, 961 (8th Cir. 2012). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy the notice-pleading standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, in considering a motion to dismiss, a court may not consider matters outside the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). A court may make exceptions for matters of public record, judicial orders, documents necessarily embraced by the pleadings, and exhibits attached to the pleadings, as long as those documents do not conflict with the allegations made in the complaint. *Id.*; *see also C.H. Robinson Worldwide*, 695 F.3d at 764 (quotations omitted) (with particular respect to res judicata, noting that a court may consider not only facts alleged in the complaint but also public records and materials embraced by the complaint). Here, the Court has considered the factual allegations of the Amended Complaint, as well as the public records summarized in Part III.A *supra*. Importantly,

the public records do not contradict Horde's allegations, and Horde himself has asked the Court

to consider the state court's order (Pl.'s Mot. Present Exhibits B, C, and D, Mar. 31, 2014, ECF

No. 59).

Federal courts must "give preclusive effect to state-court judgments whenever the court

of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96

(1980); *see also* 28 U.S.C. § 1738 (Full Faith and Credit Act). Res judicata, also known as claim

preclusion, prohibits "repetitious suits involving the same cause of action" once "a court of

competent jurisdiction has entered a final judgment on the merits." *Comm'r of Internal Revenue*

*v. Sunnen*, 333 U.S. 591, 597 (1948). "The law of the forum that rendered the first judgment

controls the res judicata analysis." *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*,

539 F.3d 809, 821 (8th Cir. 2008) (citing 28 U.S.C. § 1738). In the present action, a Minnesota

state court rendered the first judgment. Minnesota courts apply res judicata to

> subsequent claims in a second action when: (1) the earlier claim
> involved the same set of factual circumstances; (2) the earlier
> claim involved the same parties or their privities; (3) there was a
> final judgment on the merits; [and] (4) the estopped party had a
> full and fair opportunity to litigate the matter.

*Brown-Wilbert, Inc. v. Copeland Buhl & Co.*, 732 N.W.2d 209, 220 (Minn. 2007) (internal

quotation marks and quotation omitted). The doctrine applies to claims that were actually

litigated and to those that could have been litigated but were not. *Id.*; *Dorso Trailer Sales, Inc. v.*

*Am. Body & Trailer, Inc.*, 482 N.W.2d 771, 773-74 (Minn. 1992) (finding that plaintiff "was

required to assert all alternative theories of recovery in the initial action").

Horde's state court claim for wrongful prosecution was rooted in DMSHB's prosecution

of him for fifth-degree assault. That claim involves the same set of facts as Horde's present

claims against DMSHB for deprivation of a fair trial, prosecutorial negligence,  illegal arrest and

detention, and denial of due process. Thus, the first element is met. The previous claim involved both Horde and DMSHB, although DMSHB was sued as the "Apple Valley City Attorneys Office." Horde does not dispute that DMSHB was acting as the Apple Valley City Attorney in its prosecution of him, and the allegations in his Amended Complaint support such an inference. In addition, the state court explicitly found that Apple Valley contracts with DMSHB for legal services. Thus, to the extent there is any question whether the earlier claim involved the same parties, this Court finds that the Apple Valley City Attorneys Office and DMSHB are one and the same. Finally, Horde had a full and fair chance in the state court action to litigate his claims against DMSHB, and the state court issued a final judgment on the merits. Accordingly, res judicata bars Horde's present claims against DMSHB.

### C.     Prosecutorial Immunity

Even if Horde's claims against DMSHB were not barred by claim preclusion, DMSHB is entitled to prosecutorial immunity. A prosecutor is absolutely immune from a § 1983 suit for damages for acts such as initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity does not apply, however, when a prosecutor acts "clearly outside" his or her jurisdiction in performing an administrative task. *Webster v. Gibson*, 913 F.2d 510, 514 (8th Cir. 1990) (quoting *Wilhelm v. Turner*, 431 F.2d 177, 180, 182-83 (8th Cir. 1970)); *see Imbler*, 424 U.S. at 431 n.33.

Horde's claims against DMSHB arise entirely from acts DMSHB performed in its prosecution of Horde in its role as the City Attorney for Apple Valley, such as filing the criminal complaint and presenting the state's case at trial. This conduct "is intimately associated with the judicial process" and is absolutely immune from suit. *See Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). Thus, DMSHB is absolutely immune from Horde's current claims.

D. **Attorneys' Fees**

DMSHB asks for an award of attorneys' fees pursuant to 42 U.S.C. § 1988(b). This statute provides for reasonable attorneys' fees to be awarded to a prevailing defendant in cases brought pursuant to 42 U.S.C. § 1983 if the "action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Such fees should rarely, if ever, be assessed against a pro se litigant, however, because "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980). This is especially true when "the defendant prevails on grounds, such as res judicata, that involve procedural rules that are difficult even for experienced lawyers and judges to apply, much less lay persons." *Chester v. St. Louis Hous. Auth.*, 873 F.2d 207, 209 (8th Cir. 1989). As of yet, Horde has not "repeatedly attempted to litigate claims previously found to be frivolous." *See id.* Given Horde's pro se status and the relatively complicated procedural aspects of his claims against DMSHB, the Court recommends that attorneys' fees not be awarded.

IV. **The Apple Valley Defendants' Motion to Dismiss**

Horde asserts multiple claims against Apple Valley, the AVPD, Mayor Hamann-Roland, and Officers Scott, Criger, and Virden, arising from his arrest and prosecution for assault in 2009 and a later incident in 2010.

A. **Relevant Facts**

All facts are taken from the Amended Complaint, unless otherwise noted. In November 2009, Horde called 911 and reported that Stinson had assaulted him. (Am. Compl. ¶ 7.) Officer Criger responded to the call. (*Id.*) Horde admitted that he had also punched Stinson twice. (*Id.*) Officer Criger visited Stinson at the Apple Valley Medical Center and observed numerous

injuries to Stinson's face and head. (*Id.*) Officer Criger returned to Horde's apartment, and Horde allowed him in. (*Id.* ¶ 7.A.) While Horde was putting some food away, Officer Criger grabbed Horde and put him in a chokehold, which Horde claims caused significant injury to his neck and back. (*Id.* ¶¶ 7.A, 7.B.) Officer Criger arrested Horde for assault and escorted Horde to his squad car. (*Id.* ¶ 7.B.) The weather was very cold outside, and Horde was not wearing socks, shoes, or a shirt. (*Id.*) Later, Officer Criger wrote a police report in which he claimed Officer Virden was at the scene, which was false. (*Id.* ¶ 7.G.) Horde claims that Officer Criger violated his Fourteenth Amendment due process rights, wrote a false police report, wrongly deprived him of liberty, conspired with Officer Virden to arrest him, arrested him without probable cause, and violated his civil rights by committing cruel and unusual punishment. (*Id.* ¶ 7.E.)

Before Horde's trial on the assault charge, he contacted Officer Scott to obtain a copy of the 911 recording. (*Id.* ¶ 9.) Horde claims that Officer Scott refused to give him the recording and refused to take photographs of Horde's injuries. (*Id.* ¶ 9.A.) Horde is suing Officer Scott for violating his right to a fair and impartial trial, denying him equal protection under the law, violating his civil rights, and obstructing justice. (*Id.* ¶ 9.C.) Horde is suing the AVPD for destroying the 911 recording, denying him the right to a fair trial, violating his constitutional rights, and depriving his liberty. (*Id.* ¶¶ 12, 12.A.) Horde is suing Apple Valley and Mayor Hamann-Roland for implementing a policy of destroying 911 tapes after thirty days, being uncooperative during the pretrial discovery process, and hiring DMSHB as the Apple Valley City Attorney. (*Id.* ¶¶ 13, 13.A, 13.B.)

In April 2010, Officer Virden and Officer Valerie Holes responded to a report of an intoxicated man at Stinson's apartment. (*Id.* ¶ 8.A.) Horde was visiting another neighbor, James Jones ("Jones"), whose apartment was on the same floor as Stinson's. (*Id.*) When Stinson saw

13

Horde, he called Horde an "asshole" and raised his middle finger. (*Id.*) Officer Virden attributed this conduct to Horde in his police report, rather than Stinson. (*Id.* ¶ 8.C.) Horde is suing Virden for filing a false police report, obstruction of justice, denial of equal protection, conspiracy to perpetuate a fraud, and violation of the False Claims Act. (*Id.* ¶ 8.I.)

  **B.**  **Official Capacity § 1983 Claims Against Individual Apple Valley Defendants**

  Horde did not indicate on the face of the Amended Complaint whether he is suing Mayor Hamann-Roland and Officers Criger, Scott, and Virden in their official capacity or in their individual capacity. Absent an express allegation that public officials are being sued in their individual capacity, a "suit is construed as being against the defendants in their official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Id.* Accordingly, all of Horde's claims against the Apple Valley Defendants are deemed as brought against Apple Valley.

  **C.**  **Section 1983 Claims**

  It is well-settled that municipalities cannot be held vicariously liable for constitutional wrongdoing by their employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To survive dismissal, Horde must allege "that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *See Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citing *Monell*, 436 U.S. at 690-92). Horde must, at a minimum, plead facts "suggesting the existence of an unconstitutional practice or custom." *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (noting that while a plaintiff need not plead the actual existence of a policy or custom, he must at least allege facts to support an inference that the alleged wrongful conduct resulted from an unconstitutional policy

or custom). Except for Apple Valley's alleged policy to destroy 911 recordings after thirty days, there are no facts, language, or other allegations in the Amended Complaint to support an inference that any of the alleged wrongs resulted from an official Apple Valley policy or custom.

As to the destruction of the 911 recording, the constitutional rights allegedly impaired were Horde's Sixth and Fourteenth Amendment rights to a fair trial and right to equal protection under the law. Horde was acquitted at his trial, however, and thus cannot claim he was deprived of a fair trial. *See Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999) ("Regardless of any misconduct by government agents before or during trial, a defendant who is acquitted cannot be said to have been deprived of the right to a fair trial."). With respect to the equal protection claim, Horde has not alleged facts supporting an inference that he was treated differently than similarly situated individuals. *See Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994). Consequently, any § 1983 claim against Apple Valley should be dismissed.

### D.    Conspiracy Claim

Horde next alleges that Officers Criger and Virden conspired to arrest him in November 2009, in violation of 42 U.S.C. § 1983. Because Officers Criger and Virden are sued only in their official capacities, Horde must allege facts supporting an inference that Apple Valley has a policy or custom of conspiring to effect unlawful arrests. *See Helvey v. City of Maplewood*, 154 F.3d 841, 845 (8th Cir. 1998). Horde has pleaded no such allegations. In addition, Horde has not alleged facts showing that Officers Criger and Virden actually conspired. For these reasons, the conspiracy claim should be dismissed.

### E.    False Claims Act Claim

Horde avers that Officers Criger and Virden wrote false police reports in violation of the False Claims Act. Horde cannot state a claim for relief under this statute. The purpose of the

False Claims Act is to protect "the federal fisc by imposing severe penalties on those whose false or fraudulent claims cause the government to pay money." *U.S. ex rel. Vigil v. Nelnet, Inc.*, 639 F.3d 791, 796 (8th Cir. 2011); *see* 31 U.S.C. §§ 3729-3733. Without allegations that Officers Criger and Virden submitted materially false claims for payment to the federal government, Horde cannot state a claim under the False Claims Act. *See Vigil*, 639 F.3d at 796. The Amended Complaint fails to allege any such facts, and the False Claims Act claim should be dismissed accordingly.

### F.    Americans With Disabilities Act

The Amended Complaint makes occasional reference to the Americans With Disabilities Act ("ADA"). To the extent Horde intended to bring an ADA claim, he must allege "that he is a qualified individual with a disability [who was] denied participation in, or the benefits of, the services, programs, or activities of a public entity because of his disability." *See Gorman v. Bartch*, 152 F.3d 907, 912 (8th Cir. 1998). Horde's perfunctory allegations that he is a vulnerable and disabled adult are not sufficient to state a claim under the ADA. Furthermore, Horde did not allege that Apple Valley denied him participation in or the benefits of a service, program, or activity because of his disability. Consequently, any conceivable ADA claim should be dismissed.

## V.    Horde's Motions

### A.    Horde's Motion to Amend the Amended Complaint

After all Defendants filed motions to dismiss, Horde filed a motion to amend his Amended Complaint. Of all the potential deficiencies raised by Defendants, the only one Horde addressed in his motion to amend was DMSHB's name. Horde asks only for leave to amend the

name of DMSHB in the caption of his Amended Complaint. Given that DMSHB is entitled to dismissal of all claims, the Court recommends that Horde's motion to amend be denied as moot.

**B.     Horde's Motion to Present Exhibits B, C, and D**

Horde asks the Court to consider three exhibits as part of his Amended Complaint. Exhibit B is a one-page handwritten statement and an order issued in the former state court action Horde brought against DMSHB and Officers Criger, Virden, and Scott. Exhibit C is a one-page handwritten statement and a confidential memorandum authored by the Dakota County Attorney's Office concerning Horde's criminal assault case. Exhibit D is a one-page handwritten statement and a medical record from Fairview Cedar Ridge Clinic. The Court has considered the exhibits as part of the Amended Complaint in assessing Defendants' motions to dismiss, and thus, the Court recommends that Horde's motion be granted.

**C.     Horde's Motion to Dismiss DMSHB's Motion to Dismiss**

Through this motion, Horde asks the Court to deny DMSHB's motion to dismiss. The Court has recommended that DMSHB's motion to dismiss be granted, however, and Horde's motion should be denied accordingly.

**D.     Horde's Motion for Injunctive Relief**

This motion asks for the "injunctive relief" of denying DMSHB's motion to dismiss. The Court has recommended that DMSHB's motion to dismiss be granted, however, so Horde's motion for injunctive relief should be denied.

**E.     Horde's Motion for Judicial Review**

Through this motion, Horde asks the Court to review the decision in his previous state court case. This request is patently barred by *Rooker-Feldman*, and the motion should be denied.

**F.       Horde's Motion to Proceed with Case # 13-cv-3107**

This motion asks simply to allow Horde to proceed with his case against DMSHB and Apple Valley. Based on the Court's recommendations to the contrary, Horde's motion should be denied.

**G.       Horde's Second Motion to Proceed with Case # 13-cv-3107**

Similarly, this motion asks the Court to allow Horde to proceed with his case against Apple Valley and Officers Criger, Scott, and Virden. This motion likewise should be denied.

**H.       Horde's Motion to Dismiss Dakota County Sheriff's Office and Deputy Billmeyer**

Horde asks to voluntarily dismiss the Dakota County Sheriff's Office and Deputy Billmeyer from this action. As discussed *supra*, this motion should be construed as a notice of voluntary dismissal under Rule 41(a)(1), and the Dakota County Sheriff's Office and Deputy Billmeyer should be dismissed from this action without prejudice.


Based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.        The Dakota County Sheriff's Office and Bradley Billmeyer's Motion to Dismiss (ECF No. 6) be **DENIED AS MOOT**;

2.        Dougherty, Molenda, Solfest, Hills & Bauer P.A.'s Motion to Dismiss (ECF No. 15) be **GRANTED** as to the dismissal of claims but **DENIED** as to the request for attorneys' fees;

3.        The City of Apple Valley, Apple Valley Police Department, Mitchell Scott, Wayne Criger, David Virden, Jon Rechtzigel, and Mary Hamann-Roland's Motion to Dismiss (ECF No. 36) be **GRANTED**;

4.      Steven M. Horde's Motion to Amend Amended Complaint (ECF No. 58) be

**DENIED AS MOOT**;

5.      Steven M. Horde's Motion to Present Exhibits B, C, and D (ECF No. 59) be

**GRANTED**;

6.      Steven M. Horde's Motion to Dismiss DMSHB's Motion to Dismiss (ECF No.

60) be **DENIED**;

7.      Steven M. Horde's Motion for Injunctive Relief (ECF No. 62) be **DENIED**;

8.      Steven M. Horde's Motion for Judicial Review (ECF No. 64) be **DENIED**;

9.      Steven M. Horde's Motion to Proceed with Case # 13-cv-3107 (ECF No. 66) be

**DENIED**;

10.      Steven M. Horde's Second Motion to Proceed with Case # 13-cv-3107 (ECF No.

67) be **DENIED**;

11.      Steven M. Horde's Motion to Dismiss Case of Bradley Billmeyer (ECF No. 69)

be construed as a notice of voluntary dismissal pursuant to Rule 41(a)(1) and **GRANTED**, and

that the Dakota County Sheriff's Office and Bradley Billmeyer be **DISMISSED FROM THIS**

**ACTION WITHOUT PREJUDICE**; and

12.      **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: June 24, 2014                    _s/ *Jeanne J. Graham*_____
                                        JEANNE J. GRAHAM
                                        United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **July 14, 2014**.  A party may respond to the objections within fourteen days after service thereof.  Any objections or responses shall not exceed 3,500 words.  The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.  The party making the objections must timely order and file the transcript of the hearing unless the parties stipulate that the District Judge is not required to review a transcript or the District Judge directs otherwise.